**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 20-cv-03697

STACIE R. TRUJILLO;

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS FOR WELD COUNTY;
SHERIFF STEVE REAMS, in his individual and official capacity;
DUPUTY SHERIFF CHRISTOPHER BASHLOV, in his individual and official capacity;
SHAWNA BOWKER in her individual capacity; and
MORGAN BOWKER, in his individual capacity;

    Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Stacie R. Trujillo ("Plaintiff") by and through counsel, Mark Edward Scabavea of SCABAVEA & ASSOCIATES, LLC, respectfully alleges for her Complaint and Jury Demand as follows:

### I.    INTRODUCTION

1. Plaintiff brings this action sounding in a violation of her civil rights pursuant to 42 U.S.C. § 1983, by defendants' wrongful eviction of Plaintiff from Plaintiff's personal residence.

### II.    JURISDICTION AND VENUE

2. This action arises under the Constitution of the law of the United States and the State of Colorado, and is brought pursuant to Title 42. U.S.C. § 1983.

1

3. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 11331 and 1343(a)(3).

4. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

5. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State of Colorado at the time of the events giving rise to this action.

### III.     PARTIES

6. Plaintiff, Stacie R. Trujillo, is a citizen of the United States and was at all times relevant hereto a resident of and domiciled in the State of Colorado. Plaintiff resides at 441 Yates Street, Denver, Colorado 80204. Plaintiff's phone number is (720) 696-1456. Plaintiff's email address is stacierae5@icloud.com.

7. Defendant Board of County Commissioner for Weld Colorado ("Defendant Board") is and was at all time relevant hereto a governmental entity chartered under the law of the State of Colorado, which represents, oversees, and sets policy for the Weld County Sheriff's Office. Defendant Board is located at which is located at 1150 O Street, Greeley, Colorado 80632. Under Colorado Revised Statute § 30-11-105, Defendant Board is the proper party to name in an action against Weld County, Colorado.

8. Defendant Steve Reams ("Defendant Sheriff"), in his official capacity, is the Sheriff for Weld and a final policy-maker for Weld Count. At all times relevant, Defendant Sheriff was a United States citizen and adult resident and domiciliary of

the State of Colorado, and acting under the color of state law as an offer employed by Weld County.  Defendant Sheriff is located at which is located at 1150 O Street, Greeley, Colorado 80632. This action is brought against Defendant Sheriff in his official and individual capacities.

9.  Defendant Christopher Bashlov ("Defendant Bashlov") is a Sheriff's Deputy in the Weld County, Colorado Sheriff's Office.  At all times relevant, Defendant Bashlov was a United States citizen and adult resident and domiciliary of the State of Colorado, and acting under the color of state law as an offer employed by Weld County.  Defendant Bashlov  is located at 1150 O Street, Greeley, Colorado 80632.  This action is brought against Defendant Bashlov in his official and individual capacities.

10.  Defendant Shawna Bowker ("S. Bowker") is a United States Citizen and is a resident and domiciliary of the State of Colorado.  Defendant S. Bowker is located at 2368 Norfolk St., Erie, Colorado 80516.

11.  Defendant Morgan Bowker ("M. Bowker") is a United States Citizen and is a resident and domiciliary of the State of Colorado.  Defendant S. Bowker is located at 2368 Norfolk St., Erie, Colorado 80516.

## IV.   STATEMENT OF THE FACTS

12.  In Weld County Court, Colorado ("Weld Court"), on December 11, 2018, case number 18C1318, Defendant Bowker obtained a Forcible Entry and Detainer ("FED") against Plaintiff.

13.   On December 18, 2018, Plaintiff filed an appeal bond on Weld Court case number 18CV67, and stayed the FED on Weld Court case number 18C1318.

3

14. On or about December 18, 2018, Plaintiff directly, personally and successfully communicated to Defendants S. Bowker and M. Bowker that the FED proceeding initiated by Weld Court were stayed by Weld Court.

15. On or about December 19, 2018, Defendant Bowker initiated an eviction of Plaintiff from her premises regarding Weld Court 18C1318 even though the FED was stayed by plaintiff.

16. On December 19, 2018, even though the FED in Weld Court 18C1318 was stayed by Plaintiff on December 18, 2018, Defendant Bashlov arrived at Plaintiff's residence and informed Plaintiff that Defendant Bashlov and his assistants were evicting Plaintiff from the premises.

17. At the same time, as noted above, Plaintiff informed Defendant Bashlov that the FED was stayed by Weld Court and showed Defendant Bashlov the requisite documentation indicating that Weld Court had stayed the FED.

18. Even though Plaintiff directly and personally informed and proved to Defendant Bashlov that the FED was stayed, Defendant Bashlov stated to Plaintiff: "I don't care, I have the people here right now and we are going to evict you from the premises." or words to that effect.

19. On December 19, 2018, Defendant Bashlov evicted Plaintiff from the premises and placed all of Plaintiff's belonging outside of the premises.

20. During said eviction, Plaintiff became emotional and began to cry. In response, Defendant Bashlov stated to Plaintiff: "If you keep crying, I'm going to have you arrested." or words to that effect.

21. On December 19, 2019, Defendant illegally Bashlov evicted Plaintiff from her residence.

## V.     FIRST CLAIM FOR RELIEF
### 42 U.S.C. 1983 – Fourteenth Amendment Violation
### (against all Defendants)

22. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each was individually set forth herein at length.

23. The actions of all above-captioned Defendants described herein, while acting under color of state law, intentionally deprived Plaintiff of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including, but not limited to, illegally evicting Plaintiff from her personal residence.

24. The above-captioned Defendant's conduct was known by the above-captioned Defendants to clearly violate established statutory or Constitutional rights of Plaintiff which a reasonable person would have known.

25. All of the above-captioned defendants deprived Plaintiff's civil right to housing without due process of law by intentionally and/or deliberately and/or maliciously engaging in conduct that deprived Plaintiff's Constitutional right to housing by illegally evicting Plaintiff form her residence.

26. Some of this conduct involved, but is not limited to, all or some of the above-captioned defendants knowing that the FED was stayed by Weld Court and evicting Plaintiff from her residence without due process of law.

27. As a direct, immediate and proximate result of Defendants' conduct Plaintiff's lost her residence.

5

28.  As a direct, immediate and proximate result of all of the preceding allegations Plaintiff was diagnosed with Post Traumatic Stress Disorder on or about May 2019.

### VI. SECOND CLAIM FOR RELIEF
### 42 U.S.C. 1983 – Fourteenth Amendment Violation – Conspiracy
### (against all Defendants)

29.  Plaintiff incorporates by reference the preceding allegations of this Complaint as though each was individually set forth herein at length.

30.  The actions of all above-captioned Defendants described herein, while acting under color of state law, conspired to intentionally deprived Plaintiff of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including, but not limited to, illegally evicting Plaintiff from her personal residence without due process of law, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

31.  The above-captioned Defendant's conduct was known by the above-captioned Defendants to clearly violate established statutory or Constitutional rights of Plaintiff which a reasonable person would have known.

32. All Defendants agreed in some manner with one another to do an act that deprived Plaintiff of her residence through illegal eviction without due process of law.

33.  All Defendants acted in at least one act in furtherance of the conspiracy.

34.  All of the above-captioned defendants conspired to deprive Plaintiff's civil right to housing without due process of law by intentionally and/or deliberately

6

and/or maliciously engaging in conduct that deprived Plaintiff's Constitutional right to housing by illegally evicting Plaintiff.

35.  As a direct, immediate and proximate result of Defendants' conduct Plaintiff's lost her residence.

36.  As a direct, immediate and proximate result of all of the preceding allegations Plaintiff was diagnosed with Post Traumatic Stress Disorder on or about May 2019.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stacie R. Trujillo respectfully requests that this Court enter judgment in his favor and against Defendants and grant:

a.  Immediate injunctive relief;

b. Appropriate declaratory relief;

c.  Compensatory and consequential damages, including loss of familial association, psychological trauma, emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

d.  Monetary damages for all economic and noneconomic losses on all claims as allowed by law in an amount to be determined at trial;

e.  Punitive damages on all claims allowed by law in an amount to be determined at trial;

f.  Attorneys' fees and costs associated with this action on all claims allowed by law;

g.  Pre- and post-judgment interest at the lawful rates; and

h.  Any further relief that this Court deems just and proper, and any other relief as allowed by law.

## IX.     DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial to a jury on all issue so triable.

Respectfully submitted on this 17th day of December, 2020.

**SCABAVEA & ASSOCIATES, LLC**

s/ Mark E. Scabavea
MARK EDWARD SCABAVEA
301 Sheridan Blvd.
Lakewood, Colorado 80226
Office: (707) 592-5571
markscabavea@icloud.com
*Attorney for Stacie R. Trujillo*