**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:20-cv-03697-RMR-SKC

STACIE R. TRUJILLO,

   Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS FOR WELD COUNTY, et al.,

   Defendants.

---

**ORDER**

---

Pending before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint and Jury Demand [ECF 32] from Defendants Board of County Commissioners for Weld County, Sheriff Steve Reams, and Deputy Sheriff Christopher Bashkov, ECF No. 33. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the motion.

**I.   BACKGROUND[1]**

This action involves allegations that Defendants violated Plaintiff Stacie R. Trujillo's Fourteenth Amendment rights and/or conspired to violate those rights by illegally evicting her from the townhouse that she rented, despite the fact that, according to Plaintiff, there

---

[1] The Court relies on the facts alleged in the First Amended Complaint and Jury Demand, ECF No. 32, and, as required on a motion to dismiss, "take[s] all of the factual allegations in the complaint as true," as long as they are non-conclusory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

was an effective stay of the order of eviction.  Plaintiff alleges that she was damaged because, as a result of the allegedly illegal eviction, she was denied access to the townhouse for a certain period of time, which is contradictorily alleged in different places in the operative Complaint to be six days and ten days.  *Compare* ECF No. 32 ¶¶ 34–35, 37, 40, *with id.* ¶ 41.

Plaintiff, a resident of Colorado, executed a lease on a townhouse with Defendant Shawna Bowker on or about May 1, 2018.  In September, October, and November of that year, Plaintiff was late in paying rent because she relied on alimony and child support payments from non-party Bobby Sisneros to pay the rent, but Sisneros failed to make these payments in the beginning of those months, when they were due.  In each of those months, Defendant Bowker served Plaintiff with a Demand for Payment, and after Sisneros paid the alimony and child support, Plaintiff paid the rent.

In October, Plaintiff informed Defendant Shawna Bowker that she was applying for a grant to help her to pay rent on time.  Plaintiff alleges that "Defendant Shawna Bowker communicated to Plaintiff that this situation was acceptable" and that an agreement to this effect was "memorialized by emails and text message conversations."  *Id.* ¶ 15. Defendant Shawna Bowker sent Plaintiff an itemized list of expenses that were outstanding with the purpose of Plaintiff using the list to apply for the Grant.  However, when Plaintiff again was unable to pay rent on time in November, Defendant Shawna Bowker served Plaintiff with a Demand for Payment and proceeded with the eviction process, informing Plaintiff that she intended to show the townhouse to prospective buyers.

The Weld County Court held a hearing regarding the Forcible Entry and Detainer ("FED") action on December 6, 2018, in case number 18C1318.  Both parties were present, and Plaintiff proceeded *pro se*.  During the hearing, the Judge requested that Plaintiff show proof of the agreement between Plaintiff and Defendant Shawna Bowker regarding her intention to use the grant money to pay rent, but Plaintiff was not able to produce the text messages and emails, and the Weld Court was not able to consider the agreement.  The judge told the Plaintiff that when she found the emails and text messages, she expected that Plaintiff would appeal.  The judge then ruled in favor of Defendant Shawna Bowker.  On December 7, 2018, Plaintiff found the emails and text messages between her and Defendant Shawna Bowker regarding using the grant money to pay rent.  Plaintiff drafted and filed in Weld County Court an affidavit summarizing her situation as an attachment to a motion for reconsideration.  The motion for reconsideration was denied, and Defendant Shawna Bowker obtained a Forcible Entry and Detainer ("FED") against Plaintiff and delivered it to the Weld County Sheriff's office on December 11, 2018.

On December 18, 2018, Plaintiff filed an appeal bond on Weld Court case number 18CV67.  Plaintiff alleges that this "stayed the FED on Weld Court case number 18C1318."  *Id.* ¶ 22.  Plaintiff also alleges that the Clerk of the Court told Plaintiff something to the effect of, if the sheriff comes to evict her, then "all you have to do is show them [the Notice of Appeal that was filed and stamped by the Weld Court on December 18, 2018, along with the receipt of the payment that was also filed and stamped on December 18, 2018,] and they will not evict you."  *Id.* (alteration in original).  Plaintiff

therefore maintains that the FED was effectively stayed; however, this allegation, which the Court finds to be a legal conclusion, is not entitled to a presumption of truth.

On December 19, 2018, Defendant Bowker initiated Plaintiff's eviction from the premises, and Defendant Christopher Bashkov, a Sheriff's Deputy in the Weld County, Colorado Sheriff's Office, arrived at Plaintiff's residence and informed Plaintiff that he and a moving company were evicting Plaintiff from the premises.  Plaintiff informed Bashkov that the FED was stayed.  Plaintiff alleges that she "showed Defendant Bashkov the requisite documentation indicating that Weld Court had stayed the FED."  *Id.* ¶ 28. Defendant Bashkov went back to his patrol car and attempted to contact the Weld Court. He then told Plaintiff that he could not get in touch with the Weld Court, that he had another duty to perform in about an hour and a half, and so he was going to proceed with the eviction.  When Plaintiff stated that the FED was stayed, Defendant Bashkov stated something to the effect of, "I don't care, I have the people here right now and we are going to evict you from the premises."  *Id.* ¶ 30.  Defendant Bashkov evicted Plaintiff and removed her belongings from the premises.  Plaintiff was unable to enter the townhouse and lived outside in a U-Haul trailer for six days on the driveway of the premises, even though Defendant Bowker repeatedly called the Erie Police Department to have Plaintiff arrested for trespass.

On December 20, 2018, Defendant Shawna Bowker told Plaintiff, "I spoke to the [W]eld [C]ounty sheriff and he told me he spoke with you and will not make me give you the key back."  *Id.* ¶ 39.  The Complaint contradictorily states, first, that Plaintiff lived in the U-Haul trailer outside the townhouse for six days and that Defendant Shawna Bowker

gave the key to the townhouse back to Plaintiff on December 24, 2021 and, second, that Plaintiff could not re-enter the townhouse for at least about ten days, or until December 31, 2018.  *Compare id.* ¶¶ 34–35, 37, 40, *with id.* ¶ 41.  Plaintiff alleges that when she re-entered the house she found it in an uninhabitable condition because the heater was not in working condition and one of the main glass windows was broken so that it did not protect the townhouse from the cold temperature outside.

On December 17, 2020, Plaintiff filed a Complaint and Jury Demand in this Court against Defendants Board of County Commissioners for Weld County, Sheriff Steve Reams, Deputy Sheriff Christopher Bashlov, Shawna Bowker, and Morgan Bowker, bringing claims pursuant to 42 U.S.C. § 1983 for a violation of Plaintiff Stacie R. Trujillo's Fourteenth Amendment rights, ECF No. 1 ¶¶ 22–28 and conspiracy to violate Plaintiff's Fourteenth Amendment rights, *id.* ¶¶ 29–36.  Plaintiff sought injunctive and declaratory relief; compensatory and consequential damages, including loss of familial association, psychological trauma, emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering; monetary damages for economic and noneconomic losses; and punitive damages.  *Id.* at 7.

On June 17, 2021, Plaintiff filed a Motion for Leave to File First Amended Complaint and Jury Demand, ECF No. 28, which the previously presiding district judge referred to Magistrate Judge S. Kato Crews, ECF No. 29.  On July 6, 2021, this matter was reassigned to the undersigned.  ECF No. 30.  On August 31, 2021, Magistrate Judge Crews granted the motion to amend, ECF No. 31, and on September 3, 2021, Plaintiff filed the First Amended Complaint and Jury Demand, ECF No. 32, bringing the same

claims against the same defendants.  However, the First Amended Complaint and Jury Demand alleged additional facts and amended the spelling of the name of the Deputy Sheriff Defendant from "Bashlov" to "Bashkov."  *Compare* ECF No. 1 ¶¶ 9, 12–21, *with* ECF No. 32 ¶¶ 9, 12–41.  On September 17, 2021, Defendants Board of County Commissioners of Weld County ("BOCC"), Reams, and Bashkov filed their present Motion to Dismiss, ECF No. 33.

## II.      JURISDICTION AND APPLICABLE LAW

This action involves alleged violations of the Fourteenth Amendment of the United States Constitution, as well as conspiracy to violate Plaintiff's Fourteenth Amendment rights, brought pursuant to 42 U.S.C. § 1983.  ECF No. 32 ¶¶ 42–58.  The Court may exercise federal question jurisdiction over a plaintiff's claims arising under the Constitution.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

In addition, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Further, pursuant to 28 U.S.C. § 1343(a)(3), "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . .  [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of

citizens or of all persons within the jurisdiction of the United States." *See also* ECF No. 32 ¶¶ 2–3.

### III.   LEGAL STANDARD

A defendant may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

### IV.   ANALYSIS

**A.   Whether Plaintiff Has Stated a Claim for a Violation of Her Fourteenth Amendment Rights**

Plaintiff alleges throughout her First Amended Complaint that the FED was stayed and that this is why her eviction on December 19, 2018 was unlawful and violated her Fourteenth Amendment rights. However, Defendants argue that this bald allegation by Plaintiff does not contain factual support and is based on an incorrect legal conclusion regarding the required procedure to stay proceedings under Colorado law. ECF No. 33 at 3, 6–7. The Court agrees.

As the Supreme Court held in *Ashcroft v. Iqbal*, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. at 678.  Hence, the Court is not required to accept on its face as true Plaintiff's allegation that the FED was stayed.  The extent of Plaintiff's underlying factual allegations to support this allegation are that Plaintiff filed an appeal bond on December 18, 2018 and that the Clerk of the Court told her that the Notice of Appeal and receipt of payment was sufficient documentation of the stay.  ECF No. 32 ¶ 22.  Plaintiff also states that on the day of the eviction, she "showed Defendant Bashkov the requisite documentation indicating that Weld Court had stayed the FED," but this allegation that Plaintiff had obtained and showed Defendant Bashkov the "requisite documentation" of an effective stay is also conclusory and not entitled to the Court's acceptance as true.  *See id.* ¶ 28.

In short, Plaintiff's non-conclusory allegations are insufficient to show that Plaintiff met all of the requirements for a stay under Colorado law.  Plaintiff does not dispute that the applicable statute for determining whether a stay was effectuated under Colorado law is Colo. Rev. Stat. § 13-6-311(1)(b).  *See* ECF No. 34 at 7–8 (citing Colo. Rev. Stat. § 13-6-311(1)(b)).  That statute provides in relevant part that:

> Upon filing of the notice of appeal, the posting and approval of the bond, and the deposit by the appellant of an estimated fee in advance for preparing the record, the county court shall discontinue all further proceedings and recall any execution issued.  The appellant shall then docket his or her appeal in the district court.

Colo. Rev. Stat. § 13-6-311(1)(b).

Defendant argues that the "posting of a bond is not sufficient to stay proceedings.  Rather, the Court must also approve the bond and then must issue an order discontinuing

future proceedings and recalling any execution."  ECF No. 33 at 3 n.2.  Plaintiff argues that this argument constitutes the Defendants' "own made up rule" and that it is "not the law" because the language of the statute does not require the court to "issue an order recalling the execution for the stay to be effective."  ECF No. 34 at 7.  Plaintiff quotes an article discussing this appeal procedure in the *Colorado Lawyer*, which states that "[a] stay of the judgment is automatic once the notice of appeal and designation of the record are filed, the appeal bonds are paid, and any advance fee required to prepare the record is paid."  *See* Paige Mackey Murray, *Appeals of County Court, Municipal Court, and Magistrate Rulings*, 47 Colo. Law. 32, 33 (2018), *quoted in* ECF No. 34 at 8.[2]  However, the Court does not find this interpretation of the statute to be persuasive because the plain language of the statute requires the "posting *and approval* of the bond" in order for the county court to "discontinue all further proceedings and recall any execution issued."  Colo. Rev. Stat. § 13-6-311(1)(b); *see also* 18 Anne Whalen Gill, *West's Colorado Practice Series: Appellate Law & Practice* § 10:4 (3d ed. 2022) ("*When the court has approved the bond,* and the estimated fee for the record has been paid, the county clerk 'shall' discontinue all further proceedings and recall any execution issued on the judgment.") (emphasis added).  The Complaint contains no allegation that the Weld County Court had approved the bond before the December 19, 2018 eviction, such that the stay was effective by that time.

Furthermore, even if the stay would have been automatic without the county court's approval of the bond, the Complaint contains no allegation that Plaintiff "deposit[ed] . . .

---

[2] The parties have cited to no case law interpreting this statute, nor has the Court identified any.

an estimated fee in advance for preparing the record," which is also required by the statute.  *See* Colo. Rev. Stat. § 13-6-311(1)(b); *see also* Gill, *supra*, § 10:4 ("When the court has approved the bond, *and the estimated fee for the record has been paid*, the county clerk 'shall' discontinue all further proceedings and recall any execution issued on the judgment.") (emphasis added).

Due to these pleading deficiencies, Plaintiff has failed to sufficiently allege that a stay on the FED was effective at the time that she was evicted.[3]  Plaintiff's allegation that the eviction was illegal underlies both Plaintiff's claim for a violation of her Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and her claim for conspiracy to violate her Fourteenth Amendment rights.  *See* ECF No. 32 ¶¶ 42–58.  Hence, because Plaintiff has failed to sufficiently allege that the eviction was illegal, her claims fail as a matter of law and are dismissed.  *See e.g.*, *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 576–77 (1972) ("The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. . . .  Property interests . . . .  are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."); *Meadows at Buena Vista, Inc. v. Arkansas Valley Pub. Co.*, No. 10-cv-02871-MSK-KMT, 2012 WL 502688, at *7 (D. Colo. Feb. 15, 2012)

---

[3] Defendants cite to Weld County Court records and argue that the Court "may consider facts subject to judicial notice, including 'another court's publicly filed records' in ruling on a motion to dismiss without converting it into a motion for summary judgment."  ECF No. 33 at 3 n.1 (quoting *Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (citing *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).  However, the Court need not consider these additional records to reach its conclusion that the First Amended Complaint should be dismissed for failure to state a claim.

(Krieger, J.) ("For due process purposes, a property interest results from a 'legitimate claim of entitlement' to some benefit, not the abstract need for, or unilateral expectation of, that benefit."); *see also Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) ("[T]o recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, *but also an actual deprivation of rights*; pleading and proof of one without the other will be insufficient.") (emphasis added).

### B.    Dismissal Without Prejudice

Defendant requests that the Court dismiss all of Plaintiff's claims "with prejudice." ECF No. 33 at 16.  However, because the Court finds that the facts, as alleged, do not state a claim for violation of Plaintiff's Fourteenth Amendment rights, the Court (without commenting on the merits of a potential motion for leave to amend) will not preclude the Plaintiff from filing a motion for leave to amend to attempt to remedy the pleading deficiencies.  However, the Court ORDERS the parties to meaningfully meet and confer prior to the filing of any such motion regarding the effect of any proposed amendments.

### V.    CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss Plaintiff's First Amended Complaint and Jury Demand [ECF 32] from Defendants Board of County Commissioners for Weld County, Sheriff Steve Reams, and Deputy Sheriff Christopher Bashkov, ECF No. 33.  The Motion is GRANTED, such that Plaintiff's claims are DISMISSED; however, the Motion's request for dismissal with prejudice is DENIED, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

As stated, if Plaintiff chooses to move to amend, Plaintiff shall file a motion to amend on or before Monday, October 17, 2022, and the parties are ORDERED to meaningfully meet and confer regarding the effect of any proposed amendments, pursuant to D.C.COLO.LCivR 7.1(a), prior to the filing of any such motion to amend.

DATED:  September 15, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge